[S. F. No. 12296.  Department One.—April 21, 1928.]

C. H. WINCHELL, Appellant, v. C. W. STRAWBRIDGE et al., Respondents.

A. H. Carpenter for Appellant.

Maurice R. Carey for Respondents.

PRESTON, J.—This is an appeal from a judgment for defendants based upon an order sustaining both general and special demurrers to the amended complaint, plaintiff having declined the opportunity offered by the court to amend his pleading a second time.

The so-called amended complaint is an anomaly, being in reality but a jumble of conclusions. No one word or phrase would properly characterize or serve to define the attempted cause of action. The attorney for appellant himself describes it as follows: "This action was brought against a justice of the peace, a corporation and two lawyers in San Francisco for unlawfully altering the books and records of said corporation, and for deceit, fraud, collusion and conspiracy to thereby cheat and defraud the plaintiff herein. . . . " Later in his brief he seems to call it an action for malicious prosecution. The pleading would appear to be an effort to state a combination of various causes of action, to wit, a suit for a civil conspiracy mixed with a suit for malicious prosecution upon which is superimposed a privately conducted criminal prosecution under section 563 of the Penal Code.

The document has as its prelude a short biographical sketch of each defendant, with a vitriolic recital of the alleged nefarious part he played in the drama. The facts gleaned from this dramatic effort seem to be that plaintiff, C. H. Winchell, during the time in question operated a garage business known as the Winchell Garage in San Andreas, Calaveras County, California. He denies that he did more than to "operate" the institution without defining the word, other than to say that he never at any time owned the same or any interest therein. Defendant Gates Company, a corporation, was doing business presumably at San Francisco, and claimed to have sold goods, wares, and merchandise to plaintiff and to one Annie E. Winchell in the sum of $345.72. The claim of the corporation for said sum was assigned for collection to C. W. Strawbridge, who thereafter reduced it to the jurisdiction of the justice's court,

and on the twenty-fifth day of February, 1924, sued both C. H. and Annie E. Winchell in the justice's court of the city and county of San Francisco for said debt. Service of summons was quashed and later a suit was brought by the same party against the same defendants in the justice's court of San Andreas township, county of Calaveras, California, which latter court was presided over by the defendant C. F. Walter. Why the justice of the peace at San Francisco in whose court the cause was begun was omitted as a defendant cannot be ascertained from the document; however, the attorney for plaintiff in both said actions is made a defendant herein.

The latter cause was instituted on April 19, 1924. On April 26th following plaintiff here (defendant there) appeared by demurrer and presumably the other defendant appeared in the same way at the same time. Thereafter and on July 10th the docket of the justice of peace shows the following entry: "No appearance demurrer overruled, and twenty days given to answer." Thereafter and on July 23d said defendants (plaintiff here and his co-defendant, Annie E. Winchell) requested in writing of the justice of the peace that an oral answer be noted in the docket. On October 7th, approximately three months after the overruling of the demurrer, judgment by default was entered in favor of plaintiff and against both defendants for $283.07. Later an execution issued on said judgment and the same was levied upon 100 gallons of oil, four oil containers and other equipment of the garage of the alleged value of $400, and the action of the sheriff was such that he "thereby dismantled the garage and prevented the plaintiff from operating the same for want of proper and sufficient equipment and supplies for a period of five months, and plaintiff thereby lost the use of said garage and all the income thereof for the period aforesaid, and his trade as such garage operator and mechanic was thereby injured and ruined, to his damage in the sum of five thousand dollars." Plaintiff adds the sum of $2,000 to his claim for damages, alleging fraud, oppression and malice, and ends said alleged amended complaint with a prayer for $7,200 and costs.

The allegations of the pleading contain a healthy sprinkling of such words and phrases as "unlawfully," "fraudu-

lently,'' ''falsely fabricated,'' ''fraudulently forcing the plaintiff,'' ''fraudulently changing the name of the said real debtor,'' ''null and void,'' it many times appearing therein that plaintiff ''did not owe or incur'' the debt; ''fraudulently forcing the plaintiff herein to pay the said claim which he neither incurred nor owed''; ''that said Annie E. Winchell was the sole and only debtor on the books and bills of the said Gates Company''; ''fraudulently compelling plaintiff to pay the said debt of Annie E. Winchell,'' etc.

The defendants, other than defendant Walter, demurred to the complaint upon some five major grounds, with more than 20 added special grounds of demurrer, alleging, among other things, the failure to separately state two or more united causes of action, also uncertainty, unintelligibility, and ambiguity, and defendant Walter filed a separate demurrer adding still further grounds. The court sustained the demurrers and, plaintiff having declined to amend, judgment passed for the defendants.

■ The recitals given above are amply sufficient to justify the ruling of the court below sustaining these demurrers. Admittedly plaintiff has combined three attempted causes of action in one count, to wit, an attempted cause of action predicated upon alteration of the books of the corporation in violation of section 563 of the Penal Code; one predicated upon the institution of a suit in the justice's court of the city and county of San Francisco, and one predicated upon the institution of a suit followed by a judgment and execution thereon in the justice's court of San Andreas township, Calaveras County. The allegations of the pleadings cannot be reconciled as the statement of a cause of action for a civil conspiracy, as the acts themselves are not connected in such a way that they could form parts of a single conspiracy.

Moreover, numerous grounds of uncertainty and ambiguity exist in the pleading; for example, the pleader states that he operated the garage, but did not own it or any interest in it; then later he asks for $5,000 damages because of the taking from the garage of $400 worth of property under the execution sued out on said judgment. How he can claim $5,000 as damages for loss of use of and income from property in which he claims no interest certainly presents an

issue of ambiguity and uncertainty. Likewise there is no allegation that Annie E. Winchell did not own the equipment; if she did own it, the judgment and execution being also against her, said levy was proper because throughout the pleading plaintiff points to said Annie E. Winchell and declares her to be the person who owed the debt. The relation of Annie E. Winchell to plaintiff is not disclosed, but enough does appear to show that he is willing to hide behind her skirts.

The entire pleading is an absurdity upon its face, and cases of this character should not be allowed to clog the calendars of the courts. The judgment is affirmed with one hundred dollars as damages to respondents for a frivolous appeal.

Curtis, J., and Seawell, J., concurred.

Hearing in Bank denied.

All the Justices concurred.